FILED

APR 0 7 2006

NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES FINKLEY, )
)
    Plaintiff, )
)
v. )
)
VILLAGE OF MAYWOOD, OFFICER )
BUTLER, and OFFICER ROSA, )
)
    Defendants. )

**06CV1963**
**JUDGE GUZMAN**
**MAGISTRATE NOLAN**

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES the Plaintiff, JAMES FINKLEY, by and through his attorney,

BASILEIOS J. FOUTRIS, and complaining against the Defendants, VILLAGE OF

MAYWOOD, OFFICER BUTLER, and OFFICER ROSA, states as follows:

### Nature of Action

1.    This action is brought pursuant to the Laws of the United States

Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of

the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the

Defendants when the Plaintiff was arrested on November 10, 2005 by the Defendants.

### Jurisdiction and Venue

2.    This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343,

and 28 U.S.C. §1367.

3.    At all relevant times, the Plaintiff was a resident of the State of Illinois in

this Judicial District.

4.    The Village of Maywood is a municipal corporation located in the State of

Illinois in this Judicial District. At all relevant times, the Village of Maywood was the

1

employer of Defendants, OFFICER BUTLER, and OFFICER ROSA. The Defendants, OFFICER BUTLER, and OFFICER ROSA (collectively "Defendant Officers" hereafter), were at all relevant times employed by the Village of Maywood and duly appointed police officers in the Village of Maywood acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

## Facts

6. On November 10, 2005, the Plaintiff was arrested in Maywood, Illinois by the Defendant Officers.

7. On that date, without provocation or legal justification, the Defendant Officers battered the Plaintiff.

8. Specifically, the Defendant Officers repeatedly punched the Plaintiff in the face and in the body, they shoved his face into the ground, and they rubbed dirt and leaves into his face during the course of the arrest. The Plaintiff was complying with all orders and was not resisting in any fashion when he was being battered.

9. The Plaintiff sustained injuries due to being punched by the Defendant Officers.

10. Following the arrest the Plaintiff was transported to the police station. The Plaintiff was visibly injured due to his encounter with the Defendant Officers.

11. Due to his visible injuries, the Defendant Officers engaged in conduct that prevented the Plaintiff from appearing before a Court for a probable cause determination in a reasonable amount of time. Specifically, the Defendant Officers prevented the

2

Plaintiff from being transported to a Court while other individuals were being transported to Court even though the investigation into his arrest and his processing were completed. There were no extraordinary circumstances that prevented the Plaintiff from being transported along with the other prisoners.

12.     When the Plaintiff was transported to Court, he was transported by Defendant ROSA. Before transporting the Plaintiff, ROSA placed handcuffs on the Plaintiff. The handcuffs were intentionally placed too tight and caused pain to the Plaintiff. The Plaintiff complained about the handcuffs being too tight, but ROSA ignored the Plaintiff's complaints. ROSA refused to loosen the handcuffs.

13.     The Defendant Officers' acts were intentional, willful and wanton.

## COUNT I- 42 U.S.C. §1983
### Excessive Force- Defendant Officers

14.     The Plaintiff realleges Paragraphs 1 through 13, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 14.

15.     As described above, the Defendant Officers used excessive force during their arrest of the Plaintiff.

16.     The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

17.     The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

3

18. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAMES FINKLEY, prays for judgment in his favor and against the Defendants, OFFICER BUTLER, and OFFICER ROSA, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count II- Illinois State Law
### Battery- All Defendants

19. The Plaintiff realleges Paragraphs 1 through 18, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 19.

20. As described above, the Defendant Officers intended to cause, and did cause, harmful and offensive contact to the Plaintiff during their arrest of the Plaintiff.

21. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as Village of Maywood Police Officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

22. Defendant Village of Maywood is liable as principal for all torts committed by its agents.

23. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAMES FINKLEY, prays for judgment in his favor and against the Defendants, VILLAGE OF MAYWOOD, OFFICER BUTLER, and

OFFICER ROSA, awarding compensatory and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT III- 42 U.S.C. §1983
### Excessive Force- Officer Rosa

24.     The Plaintiff realleges Paragraphs 1 through 23, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 24.

25.     As described above, Defendant ROSA used excessive force when he transported the Plaintiff.

26.     The misconduct was undertaken by Defendant ROSA under color of law, under the course and scope of his employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

27.     Defendant ROSA's acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

28.     As a direct and proximate result of Defendant ROSA's acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAMES FINKLEY, prays for judgment in his favor and against the Defendant, OFFICER ROSA, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendant, as well as any other relief this Court deems just and appropriate.

### Count IV- Illinois State Law
### Battery- Village of Maywood, Officer Rosa

29.     The Plaintiff realleges Paragraphs 1 through 28, inclusive, and
incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

30.     As described above, Defendant ROSA intended to cause, and did cause,
harmful and offensive contact to the Plaintiff when he transported the Plaintiff.

31.     The misconduct was undertaken by Defendant ROSA under color of law,
under the course and scope of his employment as a Village of Maywood Police Officer,
was objectively unreasonable, with malice, and was undertaken intentionally and was
willful and wanton.

32.     Defendant Village of Maywood is liable as principal for all torts
committed by its agents.

33.     As a direct and proximate result of Defendant ROSA's acts the Plaintiff
was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and
suffering, and other damages.

WHEREFORE, the Plaintiff, JAMES FINKLEY, prays for judgment in his favor
and against the Defendants, VILLAGE OF MAYWOOD, and OFFICER ROSA,
awarding compensatory and punitive damages against the Defendants, as well as any
other relief this Court deems just and appropriate.

### COUNT V- 42 U.S.C. §1983
### Unlawful Extended Detention- Defendant Officers

34.     The Plaintiff realleges Paragraphs 1 through 33, inclusive, and
incorporates those Paragraphs herein, as though fully stated as this Paragraph 34.

6

35.     As described above, the Defendant Officers unlawfully extended the detention of the Plaintiff by preventing the Plaintiff from going to Court for a probable cause determination.

36.     The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

37.     The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

38.     As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAMES FINKLEY, prays for judgment in his favor and against the Defendants, OFFICER BUTLER, and OFFICER ROSA, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count VI- Illinois State Law
### Indemnification- Village of Maywood

39.     The Plaintiff realleges Paragraphs 1 through 38, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 39.

40.     At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

41.     At all relevant times the Village of Maywood was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, JAMES FINKLEY, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, VILLAGE OF MAYWOOD, in the amounts awarded to the Plaintiff against the individual Defendants and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

BASILEIOS J. FOUTRIS, Attorney
for Plaintiff

Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 804
Chicago, IL 60604
(312) 212-1200